**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ONE GAS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 18-2061-KHV |
| J.P. PIPELINE CONSTRUCTION ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On February 2, 2018, One Gas, Inc. filed a Complaint In Interpleader (Doc. #1) to discharge a debt and determine the rights of defendants J.P. Pipeline Construction, Inc. ("J.P. Pipeline"), Kaw Valley Bank ("Kaw Valley") and Bizfund LLC ("Bizfund").  One Gas served its complaint and summons on each defendant. Doc. #6 (Bizfund on Feb. 8, 2018); Doc. #7 (Kaw Valley on Feb. 12, 2018); Doc. #10 (J.P. Pipeline on Feb. 15, 2018).  Under Rule 12(a)(1)(A)(I), Fed. R. Civ. P., Bizfund, Kaw Valley and J.P. Pipeline had to file answers to the complaint on or before March 1, 2018, March 5, 2018 and March 8, 2018, respectively.

On March 5, 2018 – before either co-defendant entered an appearance – Kaw Valley filed Kaw Valley Bank's Answer To Complaint In Interpleader And Crossclaim Against J.P. Pipeline Construction, Inc., And Bizfund LLC (Doc. #9).  Kaw Valley asserted a crossclaim against each co-defendant which alleges that it has a perfected security interest in the disputed fund. Id., ¶¶ 13-18.  Thus, Kaw Valley argues that its interest in the fund is superior to that of either co-defendant. Id.  On April 4, 2018, the Clerk entered default as to plaintiff's complaint against Bizfund and J.P. Pipeline. Entry Of Default (Doc. #12).

This case is currently before the Court on Kaw Valley Bank's Rule 55(a), Fed. R. Civ. P., <u>Application For Entry Of Default Against Crossclaim Defendants Bizfund LLC And J.P. Pipeline Construction Inc.</u> (Doc. #13) filed April 6, 2018. Kaw Valley asserts that it served the answer and crossclaim on Bizfund and J.P. Pipeline through the Court's electronic filing system and via U.S. mail. <u>Id.</u>, ¶ 2. Kaw Valley asserts that "[n]either Bizfund nor J.P. Pipeline has filed an answer or other responsive pleading to Kaw Valley['s] cross-claim within the time allotted by the Federal Rules of Civil Procedure." <u>Id.</u>, ¶ 4. However, Kaw Valley does not assert that, and the record does not show, service on either co-defendant consistent with Rule 4, Fed. R. Civ. P., which – among other things – requires service of summonses.

**Legal Standard**

Rule 55(a) provides as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default. <u>Peterson v. Carbon County</u>, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998). When applying for an entry of default, the movant bears the burden of showing that defendant has been properly served. <u>Evertson v. Topeka Assoc. for Retarded Citizens</u>, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005). Questions concerning the adequacy of service preclude entry of default. <u>Dewey v. Topeka</u>, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997).

While Rule 5 governs service of any "pleading filed after the original complaint," Fed. R. Civ. P. 5(a)(1)(B), it states as follows:

> No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

Fed. R. Civ. P. 5(a)(2). Courts have interpreted the phrase "a party who is in default for failing to appear" to include parties who have not made an appearance. See Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States & Canada, 674 F.2d 1365, 1368 n.3 (11th Cir. 1982) (Rule 5(a)(2) applies to parties who have not appeared and not adjudicated as in default by court); see also Anunciation v. W. Capital Fin. Servs. Corp., 97 F.3d 1458 (Table), 1996 WL 534049, at *1 (9th Cir. Sept. 19, 1996) (Rule 5(a)(2) applies to "any party who has failed to appear"); see Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co., 753 F.2d 444, 449-50 n.7 (5th Cir. 1985) (summons should be served when crossclaims against parties who have not appeared); see also First Tuskegee Bank v. Milner, No. 2:10-CV-463-WKW, 2011 WL 1642371, at *3-4 (M.D. Ala. May 2, 2011); see 4B Charles Alan Wright et al., Federal Practice & Procedure § 1146 (4th ed. 2017) (Rule 5 service applies only to parties who have appeared).

Neither Bizfund nor J.P. Pipeline has appeared in this action. In its application for entry of default, Kaw Valley does not show that it complied with Rule 4 when serving its crossclaim on the co-defendants. Fed. R. Civ. P. 4 (requires, among other things, service of summons). Because Kaw Valley has not met its burden of showing proper service, the Court overrules its application for entry of default.

**IT IS THEREFORE ORDERED** that Kaw Valley Bank's <u>Application For Entry Of Default Against Crossclaim Defendants Bizfund LLC And J.P. Pipeline Construction Inc.</u> (Doc. #13) filed April 6, 2018 is **OVERRULED**.

Dated this 17th day of April, 2018 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge