**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ONE GAS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 18-2061-KHV** |
| **J.P. PIPELINE CONSTRUCTION** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On February 2, 2018, One Gas, Inc. filed a <u>Complaint In Interpleader</u> (Doc. #1) to discharge a liability of $137,048.53 and determine the rights of three adverse claimants.

A stakeholder may pursue two types of interpleader actions: (1) a "rule interpleader" under Rule 22, Fed. R. Civ. P., and (2) a "statutory interpleader" under 28 U.S.C. §§ 1335, 1397 and 2361. Here, plaintiff filed the instant action as both a rule interpleader suit and a statutory interpleader suit. <u>Complaint In Interpleader</u> (Doc. #1), ¶¶ 5-6. For a federal district court to have subject matter jurisdiction over a statutory interpleader suit, the claim must meet the following prerequisites: (1) the amount in controversy exceeds $500; (2) two or more diverse claimants have adverse claims of entitlement to the disputed fund; and (3) the stakeholder deposits the amount due into the Court's registry. 28 U.S.C. § 1335.

Although plaintiff's complaint sought leave to deposit the disputed fund into the registry of the Court, it never filed a motion under Rule 67, Fed. R. Civ. P., or D. Kan. Rule 67.1 to deposit the fund with the Court. <u>Complaint In Interpleader</u> (Doc. #1) at 4, ¶ a; Fed. R. Civ. P. 67 (requiring leave from Court to deposit funds); D. Kan. Rule 67.1 ("Any party who seeks a court order for the

deposit of funds . . . must prepare a proposed order for the [C]ourt and serve the same upon the clerk of this court."). Thus, to the extent plaintiff seeks to pursue a statutory interpleader suit, the Court lacks subject matter jurisdiction.[1] 28 U.S.C. § 1335; see United States v. Major Oil Corp., 583 F.2d 1152, 1157 (10th Cir. 1978) (deposit jurisdictional requirement in statutory interpleader action).

Nevertheless, "failure to make an immediate deposit of the correct amount is not fatal to the statutory interpleader action; courts readily allow the stakeholder to cure the defect by depositing

---

[1]     The Court may sua sponte raise jurisdictional issues where necessary. Kontrick v. Ryan, 540 U.S. 443, 455 (2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Rule 12(h)(3) does not, however, require dismissal here because the Court maintains diversity subject matter jurisdiction under 28 U.S.C. § 1332. Complaint In Interpleader (Doc. #1), ¶ 6 (amount in controversy exceeds $75,000 and plaintiff diverse from all claimants).

Nevertheless, if plaintiff proceeds solely under Rule 22, it can no longer rely upon the "more liberal" procedural rules of statutory interpleader actions which affect venue, personal jurisdiction and service of process. See 4–22 Moore's Federal Practice 3D § 22.04[1] (2018). For example, service pursuant to 28 U.S.C. § 2361 would no longer establish personal jurisdiction over all claimants. Fed. R. Civ. P. 4(k)(1)(C) (when statute authorizes, serving summons establishes personal jurisdiction); 28 U.S.C. § 2361 (allowing nationwide service in statutory interpleader actions). Accordingly, if plaintiff proceeds solely under Rule 22, the Court may revisit prior rulings or require plaintiff to make further showings with respect to the out-of-state claimant: Bizfund. In particular, the Court questions whether plaintiff's allegations establish that the Court has personal jurisdiction over Bizfund and whether plaintiff properly served Bizfund. See 4–22 Moore's Federal Practice 3D § 22.04[3][b] (in rule interpleader, plaintiff must establish "(1) state law provides for personal jurisdiction over [out-of-state claimants], (2) the exercise of in personam jurisdiction is constitutional under International Shoe Co. v. Washington, and (3) state law provides for a method of out-of-state service"); TH Agric. & Nutrition, LLC v. Ace European Group Ltd., 488 F.3d 1282, 1286-87 (2007) (in diversity suit, plaintiff must establish prima facie personal jurisdiction over non-resident defendant); K.S.A. § 60-308 (Kansas out-of-state service).

In sum, if plaintiff proceeds solely under Rule 22, the Court will maintain subject matter jurisdiction. Plaintiff, however, will not be able to rely on the procedural mechanisms of statutory interpleader suits, which provide nationwide service that establishes personal jurisdiction over out-of-state claimants. Thus, if this action proceeds solely as a rule interpleader suit, the Court may require further briefing regarding plaintiff's service of and the Court's personal jurisdiction over Bizfund.

the appropriate stake or procuring a sufficient bond within a reasonable time." 4–22 Moore's Federal Practice 3D § 22.04[6][b]; see United States Life Ins. Co. in the City of New York v. Holtzman, No. 14-00113 FLW, 2014 WL 5149707, at *4 (D.N.J. Oct. 14, 2014); Legacy Inv. & Mgmt., LLC v. Susquehanna Bank, No. WDQ-12-2877, 2013 WL 5423919, at *5 (D. Md. Sept. 26, 2013).  Accordingly, if plaintiff plans to continue this action as a statutory interpleader suit, **on or before August 1, 2018**, it must file a motion under Rule 67, Fed. R. Civ. P., and D. Kan. Rule 67.1 to deposit the fund into the Court's registry.

**IT IS SO ORDERED**.

Dated this 18th day of July, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge